UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:16CV-P156-JHM

JASON E. GALLOWAY                                               PLAINTIFF

v.

HENDERSON COUNTY *et al*.                               DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Jason E. Galloway filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff is a pretrial detainee at the Henderson County Detention Center (HCDC). He sues Henderson County; the HCDC; and HCDC Jailer Ron Herrington in his individual and official capacity.[1]

Plaintiff asserts that Henderson County is "not providing oversight" to HCDC and Defendant Herrington. He alleges that Henderson County has "grossly allowed overcrowding conditions of the [HCDC] resulting in a hostile living environment for inmates and detainees, and unsanitary living conditions due to facility infrastructure being inadequate for the population held within." Plaintiff states, "The facility houses on a consistent basis 13 (thirteen) to 14 (fourteen) inmates in a 400 sq ft cell for 24 hour periods up to a week long at a time. Federal, state, and county inmates are housed together, causing great stress to all inmates."

---

[1] Plaintiff spells this Defendant's name as "Harrington." However, the Court takes judicial notice that the correct spelling of the HCDC Jailer's name is "Herrington," and will use that spelling in this opinion.

Further, Plaintiff maintains that the facility's "indoor recreational room is frequently used to house inmates limiting available recreation to the general population of inmates. The available recreation areas are limited to 17 (seventeen) inmates at a time. The facility is held at around 700 (seven hundred) inmates." He states, "It is logistically . . . impossible to offer recreation time to inmates to relieve stresses built up in the over crowded cells."

Plaintiff also complains of "unsanitary living conditions" at HCDC. He states, "The facility was constructed for the cells to hold 8 (eight) persons. The only upgrade to this has been to add one additional set of bunkbeds and one additional towel hook per cell." He maintains that for a 400 square foot cell housing thirteen to fourteen inmates that there is "one toilet and one shower, cell have seating and beds permanently installed for 10 (ten) people."

Moreover, Plaintiff alleges that the facilities are inadequate for the population held at HCDC. He states, "The ventilation system is inadequate for exhausting humidity in facility causing molds in cells and paint to peel. The kitchen facilities are inadequate for the demand of the population. Proper sanitation procedures are not followed due to demand on facility." Finally, he states, "Laundry facilities have not been upgraded to properly launder and dry the demand of the facility."

As relief, he seeks punitive damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

3

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff brings this action under § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### *Claims against Henderson County and HCDC*

Defendant HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). The claim against HCDC is actually brought against Henderson County. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Moreover, official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Defendant Herrington is also

actually brought against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first examine whether the complaint alleges a constitutional violation.

Plaintiff claims that HCDC is overcrowded resulting in a "hostile living environment," unsanitary living conditions, and inadequate facilities. He also complains of limited access to recreation.

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). To allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "deprivations

5

denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. at 298. Plaintiff has failed to allege conditions rising to the level of an Eighth Amendment violation. *See Agramonte v. Shartle*, 491 F. App'x at 559-60 (finding that plaintiff's allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, that there were lines to use the bathrooms and showers, and that there were no comfortable places to sit to watch television or write letters failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 U.S. Dist. LEXIS 69415, at *4-5 (W.D. Ky. May 29, 2015) (finding that plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds are not deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted); *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 U.S. Dist. LEXIS 178576, at *4 (E.D. Mich. Dec. 18, 2012) ("The mere allegation of the presence of some mold does not create a condition 'intolerable for prison confinement.'") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)).

Moreover, Plaintiff does not state that he suffered any harm as a result of the alleged overcrowding. "A speculative injury does not vest a plaintiff with standing . . . ." *King v. Deskins*, No. 99-6381, 2000 U.S. App. LEXIS 19509, at *2 (6th Cir. Aug. 8, 2000). Further, Plaintiff may not recover damages for mental or emotional injury without a showing of physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."). The Sixth Circuit has repeatedly found that Eighth Amendment claims for monetary relief are precluded by 42 U.S.C.

§ 1997e(e) absent a showing of physical injury. *See Jennings v. Weberg*, No. 2:06-CV-235, 2007 U.S. Dist. LEXIS 1441, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases).

With regard to Plaintiff's allegations concerning the housing of federal, state, and county inmates together, while state law may dictate the duration and circumstances under which an inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of the facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). Therefore, Plaintiff cannot state a cognizable § 1983 claim based generally on being a county inmate housed with state and federal inmates. Moreover, once again, Plaintiff alleges that the housing situation causes "great stress" to inmates, but he states no physical injury as a result of this. Therefore, Plaintiff's claim concerning housing federal, state, and county inmates together must be dismissed for failure to state a claim upon which relief must be granted.

Finally, Plaintiff asserts that his access to recreation is limited. The Sixth Circuit has held that "[i]t is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees. Inmates require regular exercise to maintain reasonable good physical and psychological health." *Patterson v. Mintzes*, 717 F.2d. 284, 289 (6th Cir. 1983). The Sixth Circuit has not established a constitutional minimum amount of recreation for prisoners. *See Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995). Plaintiff alleges that his opportunity for recreation is limited, but he does not allege a total denial of recreation. Moreover, he does not allege that the limited access caused him physical injury or any other harm. § 1997e(e); *see also Horn v. Madison Cty.*, 22 F.3d 653, 659 (6th Cir. 1994). Therefore, Plaintiff's claim concerning limited access to recreation must be dismissed for failure to state a claim.

7

## IV.

Because Plaintiff fails to state a constitutional claim, his claims against Defendants Henderson County and HCDC and his official and individual-capacity claims against Herrington must be dismissed. The Court will dismiss the action by separate Order.

Date: May 23, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Henderson County Attorney
4414.010